NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN S. RHINE, | ) | No. C 07-4730 JF (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| CDRC CLASSIFICATION, et al., | ) | |
| Respondents. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Petitioner alleges that his civil rights have been violated because he is not allowed to rehabilitate or participate in vocational or occupational training. Petitioner is incarcerated at the California Mens Colony in San Luis Obispo, California.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not

1 necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859
2 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely"
3 accelerate the prisoner's release on parole, must be brought in a habeas petition). The
4 preferred practice in the Ninth Circuit has been that challenges to conditions of
5 confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d
6 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
7 confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
8 dismissal of habeas petition on basis that challenges to terms and conditions of
9 confinement must be brought in civil rights complaint).

10       Accordingly, the Court dismisses the instant habeas action because Petitioner's
11 claims do not challenge the legality of his conviction or sentence. Petitioner claims
12 concerning the conditions of his confinement are more appropriately addressed in a civil
13 rights complaint pursuant to 42 U.S.C. §1983.

## CONCLUSION

15       The instant petition for writ of habeas corpus is DISMISSED without prejudice.
16 Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to
17 42 U.S.C. §1983. The Court notes that if Petitioner re-files his claims in a civil rights
18 action pursuant to 42 U.S.C. § 1983, he should file his complaint in the United States
19 District Court for the Central District of California, the appropriate venue for claims that
20 occurred at the California Mens Colony in San Luis Obispo, California. The Clerk shall
21 terminate any pending motions and close the file.

22       IT IS SO ORDERED.
23 DATED: 9/27/07

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Rhine730dis                2

1  A copy of this ruling was mailed to the following:

2

3  John S. Rhine
   F-25840
   California Mens Colony -West
4  P.O. Box 8101
   San Luis Obispo, CA  93401-8101

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Rhine730dis           3